**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE ARBITRAL SUBPOENAS SERVED ON:<br><br>THE MEDICINES COMPANY | Civil Action No. 14-6008 (WJM)<br><br>**MEMORANDUM OPINION & ORDER**<br>(*Temporarily Sealed Pursuant to L. Civ. R. 5.3(c)(6)*) |

**FALK, U.S.M.J.**

This is a miscellaneous action by movant—the Medicines Company—to quash two non-party subpoenas issued in connection with a private arbitration. [ECF No. 1.] Specifically, Bio-Med Devices, Inc. ("Bio-Med") and GeNO, LLC ("GeNO") are presently engaged in an arbitration in Providence, Rhode Island being conducted before the American Arbitration Association pursuant to the United States Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. In connection with that arbitration, Bio-Med served two non-party subpoenas on the Medicines Company seeking pre-hearing document discovery and the deposition of the Medicines Company's Chief Medical Advisor, Dr. Scott Johnson. The Medicines Company responded with the present motion to quash. Bio-Med filed opposition papers, and the Medicines Company has filed a reply. No oral argument is

necessary. See Fed. R. Civ. P. 78(b). For the reasons that follow, the motion to quash is **GRANTED**.

A.    The Arbitration

The facts of the underlying arbitration are of limited relevance to the Court's decision. The arbitration is private and the parties have moved to seal the briefing in this case (see footnote 4, *infra*). For that reason, discussion of the underlying facts is limited.

The parties to the arbitration are Bio-Med and GeNO. (Declaration of Christopher Strate, Ex. 4.) Bio-Med is headquartered in Connecticut; GeNO is headquartered in Florida. (Id.) The arbitration is pending in Rhode Island. It appears that Bio-Med and GeNO are parties to a Supply and Development Agreement. That Agreement has a provision that provides that all disputes between the parties "will be resolved by arbitration in accordance with the rules of the American Arbitration Association." (Id., Ex. 4 at § 17.2.) The Agreement also provides that any such arbitration will be "governed by the United States Federal Arbitration Act . . . ." (Ex. 4, § 17.2(c) (emphasis added).) Disputes arose between Bio-Med and GeNO, with Bio-Med seeking payment of certain invoices and GeNO counterclaiming that Bio-Med delayed in supplying them with product, causing them damages.

The Medicines Company is not a party to the Agreement nor a participant in the Arbitration. ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

2

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

B.  **The Motion to Quash**

Bio-Med served the Medicines Company with two non-party subpoenas seeking pre-hearing discovery in the form of a broad array of documents relating to the Medicines Company's dealings with GeNO, and the deposition of the Medicines Company's Chief Medical Advisor. (Strate Decl., Ex. 1-2.)

The Medicines Company seeks to quash the subpoenas on multiple grounds, including that: (1) the subpoenas are unenforceable under controlling Third Circuit law; (2) the subpoenas are defective; and (3) the requests are overbroad, excessive, burdensome and seek highly confidential and sensitive information. The Medicines Company contends that compliance with the subpoena would impose an undue burden on a non-party and require them to: engage an E-Discovery vendor; review "tens of thousands of documents for privilege"; create what would likely be an extensive privilege log; produce "tens of thousands of documents"; and "divert the time and attention of its Chief Medical Advisor to prepare for and attend a deposition in a private arbitration" in which it is not involved and has no interest. (Mov. Br. 4.)

The Court need not discuss all of Medicines Company's arguments—or Bio-Med's opposition to them—in detail because it is correct that the subpoenas are improper under

controlling Third Circuit precedent.

In Hay Group, Inc. v. E.B.S. Acquistion Corp., 360 F.3d 404 (3d Cir. 2004), then-Circuit Judge Samuel A. Alito explained that "an arbitrator's authority over parties that are not contractually bound by the arbitration agreement is strictly limited to that granted by the Federal Arbitration Act." Id. Section 7 of the FAA, which sets forth an arbitrator's authority to subpoena non-parties and witnesses, "unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time." Id. at 407 (emphasis added). As a result, Hay Group holds that "the FAA did not authorize [the arbitration panel] to issue . . . pre-hearing discovery subpoena[s]." Id. at 411 (emphasis added).

Hay Group requires that Bio-Med's discovery subpoenas be quashed. Medicines Company is not a party to the arbitration. The arbitration is governed by the Federal Arbitration Act. And the subpoenas are discovery subpoenas that seek to compel the Medicines Company—a non-party—to appear for a pre-hearing deposition and document production. The subpoenas are not related to a hearing before an arbitrator. Hay Group prohibits exactly what Bio-Med has done.

Bio-Med argues that a New Jersey Statute, N.J.S.A. 2A:23B-17(g), allows for the service of pre-hearing arbitral discovery subpoenas and "fills a gap" in the Federal Arbitration Act. This argument is premised on a footnote in Hay Group that refers to the fact that certain states have enacted laws that permit pre-hearing arbitration subpoenas. See 360 F.3d at 407 n.1. However, that footnote merely amounts to the Third Circuit's

observation that some states have adopted versions of the Uniform Arbitration Act, and that such state statutes may differ from the Federal Arbitration Act in what arbitrators may do. See id. ("Some states have . . . adopted versions of the Uniform Arbitration Act, which *differs* from the Federal Arbitration Act." (emphasis added)).[1] Nothing in that footnote—or in any authority cited to the Court—suggests that the New Jersey statute should be applied to an arbitration governed by the Federal Arbitration Act. The arbitration at issue is a FAA arbitration proceeding under the Federal Act; it is not governed by New Jersey's arbitration law. Bio-Med's suggestion that the New Jersey statute should nevertheless be applied because it would enforce the arbitrating parties' agreement to pursue discovery is misguided—because regardless of what the arbitrating parties may have agreed to do with discovery (which is apparently not contained in their written Supply and Development Agreement) or what a state law may provide, the parties have expressly agreed to an arbitration under the Federal Arbitration Act, and an arbitrator operating under the FAA lacks authority to issue pre-hearing discovery subpoenas to non-parties such as the Medicines Company. See Hay Group, 360 F.3d at 411.

Similarly misguided is Bio-Med's assertion—without any binding authority to support it—that the New Jersey statute should serve as a "gap filler" as it relates to the FAA. There is simply no gap to be filled in this instance. Hay Group makes clear that pre-hearing discovery subpoenas are not permitted in arbitrations subject to the FAA. See

---

[1] New Jersey is such a state. See N.J.S.A. 2A:23B-1, *et seq.*; see also Block v. Plosia, 390 N.J. Super. 543, 551-52 (App. Div. 2007).

360 F.3d at 411. Again, this is a FAA governed arbitration. Hay Group's interpretation of Section 7 leaves no room for a conflicting, contrary New Jersey state statute that could allow such subpoenas in an arbitration subject to the FAA. As courts have explained, the *quid pro quo* for arbitration is often a limited discovery process. See COMSAT Corp. v. NSF, 190 F.3d 269, 276 (4th Cir. 1999) ("Parties to a private arbitration agreement forego certain procedural rights attendant to formal litigation in return for a more efficient and cost-effective resolution of their disputes . . . A hallmark of arbitration – a necessary precursor to its efficient operation – is a limited discovery process . . . ."). Thus, to the extent courts have considered the interplay between state statutes that allow for pre-hearing discovery in arbitrations and Section 7 of the FAA (which does not), the decisions are not generally helpful to Bio-Med. See, e.g., In re Subpoena Beck's Superior Hybrids, Inc. v. Monsanto Co., 940 N.E.2d 352 (Ind. Ct. App. 2011).

Finally, even if the New Jersey state statute was relevant, which the Court does not accept, Bio-Med has not submitted any evidence to the Court establishing that the prerequisites for issuing the subpoenas under Rhode Island or New Jersey law have been met. (See Mov. Reply Br. 5-6.)[2]

Based on the above, in particular the holding of Hay Group, the Medicines

---

[2] Great American Assurance Co. v. Boeing Co., 2006 WL 1027433 (N.J. Law Div. Apr. 13, 2006), could be construed to touch on this issue. Neither party cites to or discusses the case. To the extent this non-binding opinion could support issuance of the subpoenas at issue had certain prerequisites been met, the Undersigned is not persuaded by it for a number of reasons, including that court's interpretation of Hay Group, and that it may not consider Hay Group binding precedent.

Company's motion to quash is **GRANTED**.[3]

Nothing in this Opinion touches on subpoenas that could be issued seeking to compel the Medicines Company's attendance before the arbitrator and any document production associated with such an appearance. That is a different proposition than the pre-hearing discovery subpoenas at issue in the present motion. See Hay Group, 360 F.3d at 413-14.

**SO ORDERED.**[4]

s/Mark Falk
MARK FALK
United States Magistrate Judge

DATED: December 1, 2014

---

[3] Given this conclusion, there is no need to reach the substance of Bio-Med's requests. However, were it necessary to decide this issue, the requests seem overbroad and confidentiality is a legitimate concern.

[4] The parties have filed motions to seal the briefing in this matter, which are unopposed. [ECF Nos. 2, 7, 15.] Given the private nature of the arbitration and the lack of opposition to the requests, the motions to seal will be **granted** by separate order. While the Court has prepared this Order with confidentiality in mind and attempted to limit unnecessary disclosure, it is not clear that all of the information set forth in this Order is sufficiently sensitive to warrant sealing. As a result, this Order will be temporarily sealed pursuant to Local Civil Rule 5.3(c)(6). The parties are directed to review this Memorandum Opinion and Order and advise the Court in writing what portions, if any, are sensitive enough to warrant closure under the applicable law. See L. Civ. R. 5.3.